UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

LORETTA M. FRYSON,
Plaintiff-Appellant,

v.

CARR-LOWREY GLASS COMPANY;

No. 95-3096

GLASS, MOLDERS, POTTERY, PLASTICS
& ALLIED WORKERS INTERNATIONAL
UNION AFL-CIO, CLC,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-94-1561)

Argued: March 6, 1997

Decided: May 16, 1997

Before RUSSELL, HALL, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

**ARGUED:** W. Michel Pierson, Baltimore, Maryland, for Appellant.
Clifford Bernard Geiger, KOLLMAN & SHEEHAN, P.A., Baltimore,
Maryland, for Appellee Carr-Lowrey; Carl Steffen Yaller, Media,
Pennsylvania, for Appellee Union. **ON BRIEF:** Peter S. Saucier,
KOLLMAN & SHEEHAN, P.A., Baltimore, Maryland, for Appellee
Carr-Lowrey.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

When Carr-Lowrey Glass Company received the opinion from Dr. Neal Aronson that Loretta Fryson, one of Carr-Lowrey's employees, would not be able to return to her job as a selector-packer because of a back condition, Carr-Lowrey removed her from the payroll. On behalf of Fryson, her union unsuccessfully prosecuted her request to have her assigned to light duty through four steps of a five-step grievance procedure. Ultimately, however, the union withdrew the grievance. Fryson thereafter sued both her employer and her union under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that her employer breached the collective bargaining agreement and that the union breached its duty of fair representation in its treatment of her grievance. The district court entered summary judgment for the defendants, finding that Fryson had not presented evidence from which a factfinder could conclude that either the employer or the union violated its duties. "To prevail against either the company or the Union, . . . [Fryson] must not only show that [her] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983) (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 66-67 (1981)).

Having considered the record and the arguments of counsel, advanced both in their briefs and at oral argument, we affirm for the reasons given by the district court in its thorough opinion. Fryson v. Carr-Lowrey Glass Company, et al., Civil Action No. HAR 94-1561 (D. Md., Apr. 25, 1995).

AFFIRMED

2